IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

MASSEY ENERGY CO. and DON BLANKENSHIP,

Plaintiffs,

v.

WEST VIRGINIA CONSUMERS FOR JUSTICE and KENNETH PERDUE,

Defendants.

1:06cv986 (JCC)

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Plaintiffs' Motion to Abstain and Remand to Virginia state court and Defendant's Motion to Transfer to the Southern District of West Virginia. For the following reasons, the Court will grant the Plaintiffs' Motion to Abstain and Remand, and accordingly, will deny Defendant's Motion to Transfer.

## I. Background

Plaintiff Massey Energy Company ("Massey") is a Delaware corporation and has its principal place of business in Richmond, Virginia. Massey owns and operates mines located primarily in West Virginia, but also in Virginia and Kentucky. Plaintiff Don Blankenship ("Blankenship") is CEO, Chairman, and President of Massey. Defendant West Virginia Consumers for Justice ("WVCJ") is a political advocacy group based in

Charleston, West Virginia. Defendant Kenneth Purdue ("Perdue") is the chairman and president of WVCJ.

After Plaintiffs voluntarily nonsuited several claims, three causes of action remain alleged by Plaintiffs against Defendants--two counts of defamation and one count of business conspiracy. These claims arise out of "voter education" political advertisements broadcast statewide in West Virginia during the weeks leading up to the November 2004 West Virginia Supreme Court of Appeals general election. These advertisements were aired both within Virginia and West Virginia.

Plaintiffs contend that two statements in the WVCJ advertisements regarding Massey's activities in West Virginia are false and defamatory--First, that Massey was convicted of contaminating West Virginia's drinking water, and second, that Massey eliminated the jobs and health insurance benefits of hundreds of West Virginia families. Plaintiffs also allege that Defendants conspired with WVNS/Channel 59 ("WVNS"), a West Virginia television station, to broadcast allegedly defamatory statements regarding Massey's contamination of West Virginia's drinking water. This conspiracy is alleged to be in violation of the Virginia Business Conspiracy Act (Va. Code Ann. § 18.2-499)("VBCA").

This action was commenced in the Circuit Court of Fairfax County, Virginia ("State Court"), on June 15, 2005.

Since then, the State Court has established jurisdiction, adjudicated a multitude of pre-trial motions, resolved numerous discovery disputes, and set a final trial date for a four-week jury trial for April 2007. On August 10, 2006, WVCJ filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Southern District of West Virginia. On August 28, 2006, Defendants removed this case from the State Court to this Court pursuant to 28 U.S.C. §§ 1334(b) and 1452 on the theory that the claims and causes of action in this case are "related to" the WVCJ bankruptcy proceeding. On August 28, 2006, Defendant Perdue filed a motion to transfer to the United States District Court for the Southern District of West Virginia pursuant to 28 U.S.C. § 1412. In response, Plaintiffs have moved to abstain and remand this motion to state court pursuant to 28 U.S.C. § 1334.

**II. Standard of Review**

Since this Court's jurisdiction has been established pursuant to 28 U.S.C. § 1334 as "related to the WVCJ bankruptcy proceeding," it is subject to the abstention provisions of the same statute found in § 1334(c). Section 1334(c) governs when circumstances require a court to abstain from hearing the "related to" case (mandatory abstention) and when circumstances permit a court to abstain from a case (permissive abstention).

Under § 1334(c)(2), the requirements for mandatory abstention are: (1) a party to the proceeding files a timely motion to abstain; (2) the proceeding is based upon a state law claim or state law cause of action; (3) the proceeding is a "non-core, but related to" proceeding (not "arising under" Title 11); (4) the proceeding is one which could not have been commenced in a federal court absent jurisdiction under § 1334; (5) an action is commenced and can be timely adjudicated in state court. *In re Seven Springs, Inc.*, 148 B.R. 815 (Bankr. E.D. Va. 1992)(citing 28 U.S.C. § 1334).

If the case does not meet the requirements of mandatory abstention, permissive abstention may be appropriate. Pursuant to § 1334(c)(1), a court may abstain from a case "in the interest of justice" or "in the interest of comity with State courts or respect for State law." 28 U.S.C. § 1334(c)(1).

Finally, if a court chooses not to abstain from a case "related to" a Title 11 proceeding under § 1334, a court still may remand the case under § 1452(b). Section 1452(b) provides that a court to which a claim or cause of action [related to bankruptcy] has been removed may remand such claim or cause of action "on any equitable ground."

It is in the context of these bankruptcy jurisdictional provisions that the Court must analyze the instant motions.

## III. Analysis

After careful review of the motions and accompanying memoranda, this Court will remand the case to the Circuit Court of Fairfax County, Virginia. Accordingly, Defendant's Motion to Transfer to the Southern District of West Virginia will be denied.

In their Motion to Abstain and Remand, Plaintiffs argue that this Court should abstain under § 1334(c)'s "mandatory abstention" or "permissive abstention" provision. The Court finds that this case satisfies the test under either provision, whether "mandatory" or "permissive," and the application of either subsection requires the same result: abstention by this Court and a remand to the State Court.

### A. The Court is required to abstain from hearing this case under § 1334(c)(2)'s mandatory abstention provision.

Under § 1334(c)(2), the requirements for mandatory abstention are: (1) a party to the proceeding files a timely motion to abstain; (2) the proceeding is based upon a state law claim or state law cause of action; (3) the proceeding is a "non-core, but related to" proceeding (not "arising under" Title 11); (4) the proceeding is one which could not have been commenced in a federal court absent jurisdiction under § 1334; (5) an action is commenced and can be timely adjudicated in state court. *In re Seven Springs, Inc.*, 148 B.R. 815 (Bankr. E.D.Va. 1992)(citing 28

U.S.C. § 1334).[1] The instant case meets all five of these requirements, and thus, the Court must abstain and remand to the Circuit Court of Fairfax County. In the following analysis, the Court will address Defendant's arguments that mandatory abstention does not apply.

First, Defendants argue that the mandatory abstention provision is inapplicable to personal injury tort claims, and thus, is not appropriate here. Under 28 U.S.C. § 157(b)(4), Congress included a statutory exception to the mandatory abstention provisions of § 1334(c)(2). The statute provides: "non-core proceedings under section 157(b)(2)(B) . . . shall not be subject to the mandatory abstention provisions of section 1334(c)(2)." 28 U.S.C. § 157(b)(4). A "personal injury tort" claim is described as a non-core proceeding under § 157(b)(2), and thus, mandatory abstention is not available for personal injury tort claims. *See A.H. Robins Co. v. Piccinin,* 788 F.2d 994, 1010 n.14 (4th Cir. 1986)("Mandatory abstention under

---

[1] Section 1334(c)(2), which provides for "mandatory abstention," states:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction

28 U.S.C. § 1334(c)(2).

section 1334(c)(2) is not applicable to personal injury claims..."(quotations omitted). Therefore, this Court must determine the scope of the term "personal injury tort" within § 157; specifically, whether "personal injury tort" includes claims of defamation and business conspiracy. Neither the Fourth Circuit nor this Court has opined on this issue.

After examining the statute's text and other courts' relevant decisions, this Court concludes that the personal injury exception under § 157 is limited to a narrow range of claims that involve an actual physical injury. Had § 157 simply said "tort," then this Court would likely conclude to the contrary, since defamation is considered a tort in this jurisdiction. However, it is the opinion of this Court that Congress intended to limit the claims fitting the exception by introducing the narrow, modifying language "personal injury." *See In re Vinci*, 108 B.R. 439 (Bankr. S.D.N.Y. 1989)("a tort without trauma or bodily injury is not within the statutory exception for a personal injury claim."); *In re Interco*, 135 B.R. 359 (Bankr. E.D. Mo. 1991)(holding than an emotional distress claim was not within the meaning of "personal injury tort").[2]

Here, Plaintiffs claim that Defendants engaged in a business conspiracy and defamation harming Plaintiff's business

[2] *See also In re Cohen,* 107 B.R. 453 (Bankr. S.D.N.Y. 1989); *Bertholet v. Harman,* 126 B.R. 413 (Bankr. D.N.H. 1991).

reputation. These allegations clearly involve no physical injury, and consequently, they are not within the meaning of "personal injury tort" in § 157. To hold otherwise would contradict the statute's text, Congressional intent, and the majority of relevant judicial decisions. As a result, the personal injury exception is not satisfied, and the mandatory abstention provision of § 1334(c)(2) is available.

Next, with respect to the five requirements for mandatory abstention, Defendants do not materially dispute requirements (1) through (4). First, Plaintiff filed a timely motion to abstain soon after the removal to this Court and no time limit has expired. Second, this proceeding is based upon state law and state causes of action; namely, Virginia defamation law and the Virginia Business Conspiracy Act. Third, this proceeding does not "arise under" Title 11, but is only "related to" a bankruptcy proceeding. Fourth, with no federal question or diverse parties, the case could not have been commenced in federal court absent jurisdiction under § 1334.

The only requirement that Defendants dispute is whether "an action is commenced and can be timely adjudicated in state court." First, Defendants argue that federal court will dispense with this case more quickly. Even if this assertion is true, it is the incorrect inquiry to make in addressing this element. The correct inquiry is whether the claim will be timely adjudicated

in state court. In the Circuit Court of Fairfax County, where discovery has commenced, motions have been heard, depositions have been noticed, a final trial date has been set, and further continuances will be denied, not only will this claim clearly be timely adjudicated, but it also will probably reach adjudication with more celerity than any other forum.

Second, Defendants argue that mandatory abstention does not apply to removed cases because an action is not "commenced" in state court once it has been removed. Instead, Defendants state that § 1334(c)(2) requires a separate, parallel proceeding currently in state court. However, in an independent review of § 1334(c)(2), this Court finds that Defendants' reading is inconsistent with the plain meaning of the statute's text. While the Fourth Circuit has not addressed this issue, the Court's conclusion is buttressed by the significant majority of court decisions holding in accord. As the Eleventh Circuit has explained in detail:

> Several courts, focusing on § 1334(c)(2)'s requirement that "an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction," have concluded that a parallel state court proceeding is a prerequisite of mandatory abstention. Under this interpretation, once a state law action is removed, there no longer remains an action "commenced ... in a State forum." (citations omitted). The vast majority of courts, however, have concluded to the contrary on the reasoning that the removed state law action has been "commenced" and, upon remand, would remain capable of timely adjudication in state

> court. (citations omitted). In our view, this latter interpretation better comports with the plain language of § 1334(c)(2) as well as Congress's intent that mandatory abstention strike a balance between the competing interests of bankruptcy and state courts. *See* 130 Cong. Rec. S8,8889 (daily ed. June 29, 1984) (statement of Sen. Dole) (describing the original mandatory abstention provision as a compromise between the House and Senate "that preserved the integrity of bankruptcy jurisdiction while allowing abstention for personal injury cases where they can be timely adjudicated in State courts"). We therefore hold that § 1334(c)(2) applies to state law claims that have been removed to federal court under § 1452(a).

*Christo v. Padgett*, 223 F.3d 1324, 1331 (11th Cir. 2000); *Accord Southmark Corp. v. Coopers & Lybrand*, 163 F.3d 925, 929 (5th Cir. 1999)("we note, only to reject out of hand, [Defendant's] assertion that statutory abstention does not apply to cases removed to federal court on the basis of bankruptcy jurisdiction. 28 U.S.C. § 1452. There is no textual support in the statute for this position, only a handful of bankruptcy court opinions support it, and the vast majority hold otherwise."); *Robinson v. Mich. Consol. Gas Co.*, 198 F.2d 579, 584 n.3 (6th Cir. 1990).

This Court rejects Defendant's view that § 1334(c)(2) does not apply to cases that have been removed under § 1452. Instead, this Court adopts the majority view that a state law claim originally brought in state court, then removed, still is considered "commenced" within the meaning of the statute. This interpretation finds its support in the plain meaning of 1334's

text, Congressional intent, the vast majority of precedent, and the interests of bankruptcy and state courts.

In conclusion, the requirements for mandatory abstention under § 1334(c)(1) are satisfied and this Court must abstain from hearing this case. Accordingly, this Court will grant the Plaintiff's Motion to Abstain and Remand and deny Defendant's Motion to Transfer.

**B. The Court finds that abstention is appropriate under 1334(c)(1)'s permissive abstention provision.**

Even if the mandatory abstention provision is inapplicable, this Court still finds under § 1334(c)(1)'s permissive abstention provision that, in the interest of comity with State courts and respect for State law, this case will be remanded to the Circuit Court of Fairfax County.

Section 1334(c)(1) provides that a district court may abstain from hearing a proceeding related to a case under Title 11 "in the interest of justice" or "in the interest of comity with State courts or respect for State law." After careful consideration of the procedural posture in State Court, the relevant statutes, and relevant precedent, both comity with State courts and respect for State law compel this Court to abstain from hearing this case.

(1) In the interest of comity with State courts, this Court should abstain and this action should be remanded.

This litigation has been significantly underway in the Circuit Court of Fairfax County, and in the interest of comity with State courts, it should remain there. This action originated in State Court approximately fifteen months before removal to this Court, and several pre-trial issues have arisen and been adjudicated. First, the State Court resolved jurisdictional issues after hearing a motion to dismiss for lack of personal jurisdiction. Second, the motion for judgment has been amended three times before the State Court. Third, the State Court has heard and adjudicated four rounds of demurrers. Fourth, the State Court has presided over and ruled upon numerous discovery motions from both parties. Fifth, the State Court departed from its customary practice of having pretrial motions heard by different judges to meet the needs of this case. Instead, a single judge was assigned to the entire case so that the it could be dealt with fairly and expeditiously. Finally, the State Court had scheduled a jury trial for September 11, 2006, and after the parties suggested that they needed more time, a date for trial was finalized for April 16, 2007 upon declaration that no further continuances would be granted.

Irrespective of which party this Court finds credible in describing the complexity of this case,[3] it is irrefutable

[3] Not surprisingly, Defendants allege the simplicity of this litigation as well as the pre-trial motions in State Court, while Plaintiffs' allege the complexity of this case involving developing issues of Virginia law.

that the State Court has heard and ruled on a multitude of significant pre-trial motions, scheduled a final trial, and organized its regular operations to meet this case's needs. This Court recognizes that the State Court possesses greater familiarity, has expended substantial resources, and has made considerable sacrifices in reasonable reliance upon the parties' intentions to litigate this case. As such, in the interest of comity with State courts, this Court will abstain from hearing this case.

(2) Due to respect of State law, this Court will abstain and this action will be remanded.

This case is entirely based upon Virginia state law, and federal jurisdiction is only based on a loose interpretation of the "related to" language of § 1334. Plaintiffs allege a Virginia common law cause of action for defamation coupled by a claim under the Virginia Business Conspiracy Act, a unique facet of Virginia law that has been vigorously litigated in State courts. Additionally, no federal question is present nor are the parties diverse, yet this case finds itself in federal district court solely because one defendant has filed bankruptcy over a year after the case was commenced. Furthermore, Defendants provide no reason why the State Court is inadequate to adjudicate this case, nor do they argue that federal court is superior.

In sum, all of Plaintiffs' claims are unique to Virginia state law and have nothing to do with any bankruptcy

statute nor any federal law. Additionally, this Court has not been provided with any reason to believe that the State Court is an inadequate forum or that federal court is a superior one. For these reasons, out of respect for State law and in the interest of comity with State courts, this Court will abstain from this case and will remand it to the State Court.

In conclusion, this Court finds that it must abstain under § 1334(c)(2) since the claim meets the requirements for mandatory abstention. Additionally, even if mandatory abstention did not apply, this Court still finds it appropriate to abstain under the permissive abstention provision of § 1334(c)(1). Therefore, the Court will grant Plaintiffs' Motion to Abstain and Remand to the Circuit Court of Fairfax County.[4] Accordingly, this Court need not address Defendant's Motion for Transfer to the Southern District of West Virginia.

## IV. Conclusion

For the foregoing reasons, Plaintiffs' Motion to Abstain and Remand will be granted, and Defendant's Motion to Transfer will be denied.

September 26, 2006
Alexandria, Virginia

_______________/s/________________
James C. Cacheris
UNITED STATES DISTRICT COURT JUDGE

[4] Finally, even outside the abstention provisions of § 1334, this Court still would find that remand is appropriate under § 1452, since the same considerations requiring abstention from the case under § 1334(c)(1) clearly constitute "equitable ground[s]" for remand.